**Stanley J. SIMEON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8378.

Court of Appeals of Alaska.

April 30, 2004.

---

Linda Wilson, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

This case raises the question of whether the lawyer or the defendant has the authority to decide whether to request a jury instruction on a lesser included offense. We conclude that the Alaska Rules of Professional Conduct establish that it is the lawyer's decision.

### *Factual and procedural background*

Stanley J. Simeon was convicted of sexual assault in the first degree.[1] Simeon appealed his conviction to this court, arguing that it was plain error for the superior court to fail to provide the jury with instructions on the lesser included offenses of sexual assault in the second degree and assault in the fourth degree. We rejected Simeon's argument and affirmed his conviction.[2] Simeon then filed an application for post-conviction relief alleging that his trial counsel provided ineffective assistance of counsel because she did not

---

**1.** AS 11.41.410(a)(1).

**2.** *Simeon v. State,* Alaska App. Memorandum Opinion and Judgment No. 4440 at 2–3 (Aug. 29, 2001), 2001 WL 987225 at *1–2.

request lesser included instructions on assault.

In response to Simeon's application, Simeon's trial attorney filed an affidavit in which she stated that she had discussed with Simeon whether to ask for instructions on lesser included offenses, that she could not remember why she decided not to request lesser included instructions, and that she believed that her failure to request lesser included instructions was a mistake:

I did not request lesser included instructions for Mr. Simeon's trial. I remember discussing this matter with Mr. Simeon. I remember wanting his input on this issue and getting his opinion. I do not remember the reason we decided not to request lesser included instructions. It is generally my practice to give considerable deference to the client's wishes when deciding whether or not to request lesser included instructions, but I do not have a present memory about why I did not request them in this case. I feel my failure to request lesser included instructions was a mistake. At the least, I should have requested a lesser included of simple assault, because there was testimony at trial about a "tussle" or "wrestling" or "horseplay" on Stanley's part, which the complaining witness perceived as a threat.

Superior Court Judge Fred J. Torrisi conducted an evidentiary hearing on Simeon's application. Simeon testified at the evidentiary hearing. According to Simeon, his trial counsel told him that the evidence against him was weak and therefore she was not going to ask for a lesser included offense. He testified that his trial attorney did not explain to him how lesser included offenses worked—that the jury would have the opportunity to convict him of a lesser offense.

Following the evidentiary hearing, Judge Torrisi dismissed Simeon's application for post-conviction relief, finding that Simeon had not proven by clear and convincing evidence that his trial counsel had provided ineffective assistance by failing to request jury instructions on lesser included offenses. Judge Torrisi found that both the attorney and Simeon recalled talking about lesser included offenses, although Simeon "seemed confused about exactly what was said." He stated that "[i]t was clear from Mr. Simeon's testimony that both he and his attorney believed the case against him was weak, the victim's testimony [was] inconsistent and the chances of acquittal were high." Judge Torrisi referred to the fact that he had conducted the trial and had reviewed the evidence presented at the trial when he ruled on Simeon's motion for judgment of acquittal or for a new trial. Judge Torrisi stated that the case had been "a difficult prosecution for the State" and pointed out that the first trial had ended in a hung jury. He concluded that under these circumstances, "not asking for lesser included instructions was within the range of actions that a reasonable attorney might have taken." He concluded that Simeon had not overcome the presumption that his trial counsel had made a reasonable tactical decision when she decided not to request lesser included offense instructions. He therefore dismissed the application for post-conviction relief.

*The decision to request lesser included offenses is a decision controlled by the attorney*

█ Simeon contends that he, not his lawyer, should have made the decision whether to seek jury instructions on lesser included offenses. He contends that the law requires that such decisions be made by the client, not the lawyer, and that his lawyer therefore acted incompetently when she made this decision herself.

Simeon cites Standard 4–5.2 of the American Bar Association's *Standards for Criminal Justice, "The Defense Function,"* which discusses the allocation of decision-making authority between the lawyer and the client in a criminal case. The text of Standard 4–5.2 does not, itself, support Simeon's position. This standard states that a defense lawyer should make most of the decisions about how to litigate the case, with only a few decisions reserved for the client: (1) what plea to enter, (2) whether to accept a plea agreement, (3) whether to waive trial by jury, (4) whether to testify, and (5) whether to appeal.

But Simeon relies on the commentary to the 1980 version of Standard 4–5.2. This 1980

commentary does indeed suggest that the client should make the decision whether to ask for jury instructions on lesser included offenses:

> It is also important in a jury trial for the defense lawyer to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury. Indeed, because this decision is so important as well as so similar to the defendant's decision about the charges to which to plead, the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses.[3]

But according to the ABA standards, the commentary is only intended as a guide to interpretation. It is the text of each standard that is authoritative.[4] Moreover, in 1993, the ABA revised the commentary to eliminate the language that Simeon relies on. The commentary to ABA Standard § 4–5.2 now only states: "It is also important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury."[5]

Simeon also relies on court decisions which support his position that the decision whether to request lesser included offense instructions is a decision which ultimately should be made by the defendant in a criminal case.[6] But these courts appear to be a minority, and they rely on the pre–1993 ABA commentary without addressing or acknowledging the current commentary. Various other courts have concluded that the decision whether to request lesser included offenses is a decision for the lawyer.[7]

More importantly, however, the Alaska Supreme Court decided this issue when it promulgated the Alaska Rules of Professional Conduct in 1993. Alaska Rule of Professional Conduct 1.2(a) provides that:

> In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, whether the client will testify, and whether to take an appeal.

The rule specifies clearly those decisions over which the client has the ultimate authority. Since the rule limits the client's authority to those decisions, it follows that the lawyer has the ultimate authority to make other decisions governing trial tactics—including whether to request lesser included offenses.

*Simeon's lawyer was not ineffective for failing to request instructions on lesser included offenses.*

■■■ Simeon claims that, even if it was proper for his attorney to make the decision against requesting lesser included offenses, that decision constituted ineffective assistance of counsel. But the law presumes that an attorney has acted competently and that the attorney's tactical decisions were sound.[8] "The attorney's reasonable tactical decisions are virtually immune from subsequent challenge even if, in hindsight, better approaches could have been taken."[9] Where an attorney makes a tactical choice, the defendant must demonstrate that the tactic was unrea-

---

3. ABA Standards for Criminal Justice § 4–5.2 Commentary at 4.68 (2d ed.1980).

4. ABA Standards for Criminal Justice §§ 4–1.1 & 4–1.1 Commentary (3d ed.1993); *see also* ABA Model Rules of Professional conduct, *Preamble* ¶¶ 14, 21 (2003).

5. ABA Standards for Criminal Justice § 4–5.2 Commentary at 202 (3d ed.1993).

6. *See, e.g., People v. Brocksmith,* 162 Ill.2d 224, 205 Ill.Dec. 113, 642 N.E.2d 1230, 1232–33 (1994); *State v. Boeglin,* 105 N.M. 247, 731 P.2d 943, 945 (1987); *State v. Lafferty,* 749 P.2d 1239, 1248–49 (Utah 1988); *In re Trombly,* 160 Vt. 215, 627 A.2d 855, 856–57 (1993).

7. *See, e.g., Van Alstine v. State,* 263 Ga. 1, 426 S.E.2d 360, 362–64 (1993); *State v. Sheppard,* 270 Mont. 122, 890 P.2d 754, 758 (1995); *Mathre v. State,* 619 N.W.2d 627, 629–31 (N.D. 2000); *State v. Edwards,* 119 Ohio App.3d 106, 694 N.E.2d 534, 536–38 (1997); *State v. Eckert,* 203 Wis.2d 497, 553 N.W.2d 539, 544 (1996).

8. *Newby v. State,* 967 P.2d 1008, 1016 (Alaska App.1998).

9. *Alexander v. State,* 838 P.2d 269, 273 (Alaska App.1992).

sonable—that is, a tactic that no competent attorney would use.[10]

In the present case, it appears undisputed that Simeon's trial attorney made a tactical choice not to request a lesser included offense instruction. Simeon did not present any evidence that the tactic was unreasonable. It is true that Simeon's attorney stated that she felt that her failure to request a lesser included offense instruction was a mistake. But this statement only tends to show that with hindsight, and an unfavorable verdict, the attorney wished that she would have requested a lesser included offense instruction. The attorney's statement does not tend to establish that her decision to refuse to request a lesser included offense instruction was an unreasonable tactic. Furthermore, as the supreme court pointed out in *Dolchok v. State*,[11] a defense counsel's negative evaluation of her own performance may be more a reflection of her dedication to her representation of the client, and remorse at a disappointing result, than it is an objective assessment of her representation.[12] Accordingly, we conclude that Judge Torrisi did not err in finding that Simeon's application was deficient because he had not presented any evidence that his attorney's tactic of refusing to request a lesser included offense instruction was unreasonable. Judge Torrisi therefore did not err in dismissing Simeon's application for post-conviction relief.

The judgment of the superior court is AFFIRMED.

---

**10.** *State v. Laraby,* 842 P.2d 1275, 1279 (Alaska App.1992).

**11.** 639 P.2d 277 (Alaska 1982).

**12.** *Id.* at 295.