Micheal L. McLAUGHLIN, Petitioner,

v.

STATE of Alaska, Respondent.

No. A–9971.

Court of Appeals of Alaska.

Dec. 28, 2007.

Micheal L. McLaughlin, pro se, Kenai, for the Petitioner.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Respondent.

Joshua P. Fink, Public Advocate, Anchorage, for real party in interest.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

This case raises the question of whether a defendant who is represented by counsel can file a pro se petition for review. We conclude that he cannot. We conclude that the decision whether to seek immediate appellate review of a trial court's non-appealable order is a tactical decision that is entrusted to the defendant's attorney under Alaska law.

*Factual and procedural background*

Micheal L. McLaughlin was convicted of felony driving under the influence, felony refusal to submit to a breath test, and driving while his license was suspended or revoked in a trial conducted by Superior Court Judge Pro Tem Margaret L. Murphy. Following these verdicts, but before sentencing, McLaughlin's attorney filed a motion for a new trial. Judge Murphy denied the motion.

Apparently McLaughlin asked his court-appointed attorney (an attorney working under contract with the Office of Public Advocacy) to seek interlocutory appellate review of the superior court's denial of the new trial motion by filing a petition for review. When the attorney declined to do this, McLaughlin, acting pro se, attempted to file a petition for review on this issue. McLaughlin argued

that he had a constitutional right to represent himself on the petition. We ordered the State, the Office of Public Advocacy, and McLaughlin (personally) to brief the following issues:

(a) In a criminal case, who has the final decision as to whether to seek interlocutory review of a trial court's non-final order—the defendant, or the defendant's attorney?

(b) If the defense attorney has the final decision on this matter, and if the defense attorney decides not to file a petition for interlocutory review, does the defendant nevertheless have a right to proceed pro se in seeking interlocutory review?

■ Now, having reviewed the briefs, we conclude that a defense attorney has the final decision whether to seek interlocutory review of a trial court's non-appealable order. We also conclude that, if the attorney decides not to file a petition for review, the defendant does not have a right to proceed pro se in seeking interlocutory review.

*Why we conclude that the defendant's attorney has the final decision on whether to seek interlocutory review of a trial court's non-appealable order*

Based on the United States Supreme Court's decision in *Faretta v. California*,[1] McLaughlin argues that he has a constitutional right to represent himself in a petition for interlocutory review. In *Faretta*, the United States Supreme Court held that criminal defendants have the right to refuse counsel so that they can represent themselves at trial.[2] But twenty-five years later, in *Martinez v. Court of Appeal of California, Fourth Appellate District*,[3] the Supreme Court decided that the *Faretta* right of self-representation does not apply to appeals.[4] It therefore appears that the federal Constitution does not require this Court to allow McLaughlin to pursue a pro se petition for review.

In 1993, the Alaska Supreme Court promulgated the Alaska Rules of Professional Conduct.[5] Alaska Rule of Professional Conduct 1.2(a) provides that:

In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, whether the client will testify, and whether to take an appeal.

This rule controls our decision in this case.

In *Simeon v. State*,[6] we concluded that Alaska Rule of Professional Conduct 1.2(a) left to the attorney all tactical decisions that are not set out in the rule:

[Alaska Rule of Professional Conduct 1.2(a)] specifies clearly those decisions over which the client has the ultimate authority. Since the rule limits the client's authority to those decisions, it follows that the lawyer has the ultimate authority to make other decisions governing trial tactics.[7]

■ McLaughlin argues that the language in Alaska Rule of Professional Conduct 1.2(a) requiring the lawyer to abide by the client's decision "whether to take an appeal" includes the decision to petition for interlocutory review of a non-appealable order. But we do not think this is a proper interpretation of the rule. The word "appeal" has a precise meaning under the Alaska Rules of Appellate Procedure. Under Appellate Rule 202, an appeal to the court of appeals is from a final judgment entered by the superior court or the district court.[8] Appellate Rule 402 provides for review of non-appealable orders or decisions. The rule authorizes the court of appeals "to review any order or decision of the trial court, not appealable under Rule 202."[9] We are certain that the Alaska Supreme Court was aware of the distinction between an appeal and a petition for review

**1.** 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

**2.** *Id.* at 807, 821, 95 S.Ct. at 2527, 2534.

**3.** 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).

**4.** *Id.* at 154, 120 S.Ct. at 687.

**5.** Alaska Supreme Court Order No. 1123 (eff. July 15, 1993).

**6.** 90 P.3d 181 (Alaska App.2004).

**7.** *Id.* at 184.

**8.** Alaska R.App. P. 202(b).

**9.** Alaska R.App. P. 402(a)(1).

when it promulgated Alaska Rule of Professional Conduct 1.2(a). It therefore seems clear that, when the Alaska Supreme Court stated that the client had the ultimate authority "whether to take an appeal," the Alaska Supreme Court meant what it said. And since the Alaska Supreme Court did not include a petition for review as a decision over which the client has the ultimate authority, it follows that the attorney has the final authority to decide whether to petition an appellate court for interlocutory review of a non-appealable order. This conclusion seems consistent with other appellate decisions. In *Jones v. Barnes*,[10] the United States Supreme Court held that the attorney has the final decision regarding what arguments to raise on appeal.[11] The Court noted that experienced advocates emphasize "winnowing out weaker arguments on appeal."[12] We adopted the reasoning of *Jones* in *Tucker v. State*[13] and *Coffman v. State*.[14] In *Taylor v. Illinois*,[15] the United States Supreme Court stated that an attorney has the final decision at trial to decide whether to forego cross-examination of a witness or whether to call witnesses.[16] In *Martin v. State*,[17] we held that "[t]he trial court is not required to allow a defendant who is represented by counsel to file his own motions. This could cause considerable confusion. The trial court therefore has the authority to require a defendant who is represented by counsel to act through counsel."[18]

These decisions are consistent with the premise that, except for the decisions set out in Alaska Rule of Professional Conduct 1.2(a) (the plea to be entered, whether to waive jury trial, whether to testify, and whether to take an appeal), other strategic and tactical decisions are the ultimate responsibility of the attorney.

Appellate Rule 402, which provides for review of non-appealable orders or decisions,

points out that there are sound policy reasons that require appeals to be taken from final judgments.[19] We are to grant a petition for review only when the petitioner establishes substantial reasons to depart from this policy. In general, once a defendant's conviction is final, he can obtain review of any ruling made by the trial court. In the present case, McLaughlin has attempted to petition for review of Judge Murphy's denial of his motion for a new trial. It seems clear that, after his conviction is final, McLaughlin can raise this issue in an appeal.

Of course, the decision whether to appeal is McLaughlin's, not the attorney's. But under *Jones* and *Tucker*, McLaughlin's attorney has the final decision about what issues to raise. It would be inconsistent to hold that McLaughlin has the right to file a pro se petition for review asking this court to review Judge Murphy's denial of McLaughlin's motion for a new trial when the attorney certainly has the authority to determine that, for tactical reasons, it is not in McLaughlin's interest to raise this issue on appeal.

■ We therefore conclude that under Alaska Rule of Professional Conduct 1.2(a), a defendant's authority to decide whether to take an appeal is limited to an appeal from a final judgment as set out in Appellate Rule 202. The decision whether to petition an appellate court to review a decision that is not appealable under Appellate Rule 202 is the responsibility of the attorney, not the client.

This distinction is based on sound policy. Whether to petition for review is generally a complicated strategic and tactical decision that is best left to the attorney. In general, if a client is convicted, the attorney can then challenge any ruling made by the trial court. Allowing a client to independently file a peti-

---

**10.** 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

**11.** *Id.* at 750, 103 S.Ct. at 3312.

**12.** *Id.* at 751, 103 S.Ct. at 3313.

**13.** 892 P.2d 832, 836 & n. 7 (Alaska App.1995).

**14.** Alaska App. Opinion No. 2122 at 3–4, 9–14 (Nov. 2, 2007), 2007 WL 3227568.

**15.** 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

**16.** *Id.* at 418, 108 S.Ct. at 658.

**17.** 797 P.2d 1209 (Alaska App.1990).

**18.** *Id.* at 1217.

**19.** Alaska R.App. P. 402(b).

tion for review would raise the distinct possibility that such a procedure would cause the client to undermine his counsel's trial tactics and would cause an undue burden on his attorney, the courts, and the State. We accordingly conclude that McLaughlin has no right to file a pro se petition for review. McLaughlin's pro se petition for review is therefore rejected for filing.