Ruple Marx SMITH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9763.

Court of Appeals of Alaska.

June 6, 2008.

Rehearing Denied June 23, 2008.

See also, 2002 WL 818071.

Glenda Kerry, Assistant Public Advocate, and Joshua P. Fink, Public Advocate, Anchorage, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

OPINION

COATS, Chief Judge.

Ruple Marx Smith was convicted of kidnapping and raping a fourteen-year-old girl.[1] A key part of the evidence against Smith at trial was incriminating admissions that he made to a state trooper. Smith appealed to this court raising several issues, including a contention that the admissions he made to the state trooper had been obtained in violation of his *Miranda*[2] rights. In a split deci-

---

1. AS 11.41.300(a)(1)(C) and AS 11.41.410(a)(1), *respectively.*

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

sion, this court concluded that Smith was in custody when the state trooper questioned him about the kidnapping and sexual assault and that, because the state trooper had not warned Smith of his *Miranda* rights during the custodial interrogation, the State had obtained Smith's incriminating admissions in violation of *Miranda*.[3] We therefore concluded that Smith's admissions had to be suppressed.[4] We remanded the case to the trial court to determine what other evidence needed to be suppressed as a fruit of the interview.[5] The trial court then needed to decide whether Smith was entitled to a new trial.[6]

On remand, the trial court found that the error in admitting Smith's statements was not harmless. We therefore reversed Smith's convictions.[7] The State petitioned for hearing. The Alaska Supreme Court granted the petition. The supreme court concluded that Smith was not in custody when he made the incriminating admissions to the state trooper.[8] The court therefore held that Smith's statements had not been obtained in violation of his *Miranda* rights. The court reversed our decision and reinstated Smith's convictions.[9]

Smith then filed an application for post-conviction relief. In that application Smith argued that, when the State filed its petition for hearing in the Alaska Supreme Court on the *Miranda* issue, Smith's appellate attorney provided ineffective assistance of counsel. Specifically, Smith argued that his appellate attorney was ineffective by failing to file a cross-petition for hearing seeking discretionary review by the Alaska Supreme

Court of another legal issue that this court had decided against Smith in his direct appeal: our affirmance of the trial court's rejection of Smith's contention that the photo lineups that the police presented to the victim were unduly suggestive and tainted her identification of him.[10]

When a defendant claims that he has been prejudiced by ineffective assistance of counsel, the defendant must show that his counsel did not perform "as well as a lawyer with ordinary training and skill in the criminal law." [11] "In evaluating trial counsel's conduct, the court must apply a strong presumption of competence." [12] Further, the court must apply a "presumption that trial counsel's actions were motivated by sound tactical considerations." [13]

> In the absence of evidence ruling out the possibility of a tactical reason to explain counsel's conduct, the presumption of competence remains unrebutted and operates to preclude a finding of ineffective assistance.[ [14]]

If the record does not adequately reveal the basis for the attorney's decision, then the accused has failed to establish a case for post-conviction relief.[15]

In his affidavit, Smith's appellate attorney stated that, due to the passage of time, he could not recall whether he discussed the possibility of a cross-petition with Smith or whether he had purposely failed to file a cross-petition with the Alaska Supreme Court. The superior court dismissed the application finding, in part, that "Smith ha[d]

3. *Smith v. State*, Alaska App. Memorandum Opinion and Judgment No. 4074 at 17 (lead opinion), 25 (Coats, C.J., concurring) (July 14, 1999), 1999 WL 494991 at *9 (lead opinion), *13 (Coats, C.J., concurring), *rev'd*, 38 P.3d 1149, 1161 (Alaska 2002).

4. *Id.*

5. *Id.* at 24, 1999 WL 494991 at *12.

6. *Id.*

7. *See Smith*, 38 P.3d at 1152.

8. *Id.* at 1161.

9. *Id.*

10. *Smith*, Memorandum Opinion and Judgment No. 4047 at 20–21, 1999 WL 494991 at *11.

11. *State v. Jones*, 759 P.2d 558, 567 (Alaska App. 1988) (quoting *Risher v. State*, 523 P.2d 421, 424 (Alaska 1974)).

12. *Id.* at 569 (citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984)).

13. *Id.*

14. *Id.*

15. *Steffensen v. State*, 837 P.2d 1123, 1127 (Alaska App.1992) (citing *Jones*, 759 P.2d at 569).

failed to show that [his appellate attorney's] decision was not tactical."

Assuming that the decision whether or not to take a cross-petition for a hearing to the supreme court was a decision for the attorney to make, the superior court's decision was correct. Smith did not overcome the presumption that the attorney's decision was not tactical. But some decisions are committed to the client.[16]

In 1993, the Alaska Supreme Court promulgated the Alaska Rules of Professional Conduct.[17] Alaska Rule of Professional Conduct 1.2(a) provides that:

> In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, whether the client will testify, and whether to take an appeal.

In *McLaughlin v. State,*[18] we interpreted Alaska Rule of Professional Conduct 1.2(a) as it applies to pre-judgment petitions for review. We held that "the decision whether to seek immediate appellate review of a trial court's non-appealable order is a tactical decision that is entrusted to the defendant's attorney under Alaska law."[19] Interpreting Alaska Rule of Professional Conduct 1.2(a), we reasoned that the Alaska Supreme Court meant exactly what it said in stating that the client had the ultimate authority to decide whether to take an appeal.[20]

We also noted in *McLaughlin* that this court had previously concluded, in *Simeon v. State,*[21] that Alaska Rule of Professional Conduct 1.2(a) left to the attorney all tactical decisions that are not set out in the rule:

> [Alaska Rule of Professional Conduct 1.2(a)] specifies clearly those decisions over which the client has the ultimate authority. Since the rule limits the client's authority to those decisions, it follows that the law-

yer has the ultimate authority to make other decisions governing trial tactics.[22]

In reaching this decision, we pointed out that the decision

> [w]hether to petition for review is generally a complicated strategic and tactical decision that is best left to the attorney. In general, if a client is convicted, the attorney can then challenge any ruling made by the trial court. Allowing a client to independently file a petition for review would raise the distinct possibility that such a procedure would cause the client to undermine his counsel's trial tactics and would cause an undue burden on his attorney, the courts, and the State.[23]

■ The key issue in this case is whether, after the client has obtained a reversal of his conviction in the court of appeals and the State has filed a petition for hearing in the Alaska Supreme Court, the decision to file a cross-petition for hearing on behalf of the defendant is a decision for the attorney or for the client. We conclude that it is a decision for the attorney.

The facts of this case illustrate the complexity of the decision about whether to file a cross-petition for hearing with the Alaska Supreme Court. At the time that counsel was making a decision whether to file a cross-petition, Smith had already obtained a reversal of his conviction. Specifically, as a result of our decision, Smith had obtained the suppression of possibly the most critical evidence against him, his admissions. Under these circumstances, it is reasonable to infer that Smith's counsel would not want the Alaska Supreme Court to grant a petition for hearing, thereby placing in jeopardy his favorable result in this court. Counsel might well have reasoned that his best course of action would be to suggest to the Alaska Supreme Court that the decision reached by

---

16. *See, e.g., Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975); Alaska R. Prof. Conduct 1.2(a).

17. Alaska Supreme Court Order No. 1123 (eff. July 15, 1993).

18. 173 P.3d 1014 (Alaska App.2007).

19. *Id.* at 1014.

20. *Id.* at 1016.

21. 90 P.3d 181 (Alaska App.2004).

22. *McLaughlin,* 173 P.3d at 1015 (alteration in original) (quoting *Simeon,* 90 P.3d at 184).

23. *Id.* at 1016–17.

this court was correct and that there was no reason for the supreme court to exercise its discretionary jurisdiction. Counsel might well have reasoned that urging the Alaska Supreme Court to grant review on an additional issue in which this court had ruled against Smith would make it more likely that the supreme court might grant discretionary review.

Furthermore, Smith's counsel could well have concluded that the issue in which Smith argues that his counsel should have filed a cross-petition—whether the victim's identification of him was tainted by a series of suggestive photo lineups—was not a strong issue. The trial court had determined that the photo lineup procedure was not unduly suggestive, and we upheld the trial court's finding on appeal.[24] Moreover, we noted that, even if the trial court's finding that the photo lineup had not been unduly suggestive was incorrect, the error did not taint the victim's identification of Smith because the victim had observed her assailant three times before the attack.[25]

Counsel could well have concluded that this was an issue upon which he had little chance to prevail and one that would have detracted from his ability to argue the key issue in the case—that Smith's admissions had been properly suppressed. If the Alaska Supreme Court granted review and held that Smith's admissions were admissible, Smith's convictions would stand. But if Smith prevailed in suppressing his admissions and obtained a new trial, a trial attorney might want to introduce evidence of the purportedly suggestive photo lineups to illustrate why the victim might have been mistaken in her identification of Smith.

The purpose of the prior discussion is not to speculate about the actual tactics of Smith's appellate attorney. The purpose is to show the complexity of these tactical decisions. It illustrates why we conclude under the facts of this case—*i.e.*, in circumstances where the State has already filed a petition

for hearing—that the decision whether to file a cross-petition with the Alaska Supreme Court is a decision committed to the defense attorney under Alaska law.

This decision seems consistent with decisions in which courts have held that, although the defendant has the right to determine whether or not to appeal, the tactical decision of what arguments to raise on appeal are decisions for the attorney.[26] These decisions rest on the conclusion that the attorney is best suited to make the tactical decision about what issues to raise, and they recognize that experienced attorneys "winnow[ ] out weaker arguments on appeal."[27] The decision that Smith's appellate counsel had to decide in determining whether to file a cross-petition for hearing is remarkably similar to the decision that counsel has to make in deciding which issues to raise on appeal—would raising this additional issue help or hinder the client?

We accordingly conclude that the decision whether to file a cross-petition for hearing with the Alaska Supreme Court was a tactical decision for Smith's attorney to decide. Because Smith did not show that his attorney made an unreasonable tactical decision, we conclude that the trial court did not err in dismissing Smith's application for post-conviction relief. We express no opinion on a defense attorney's duty to file a petition for hearing at the defendant's request in other cases.

The judgment of the superior court is AFFIRMED.

24. *Smith,* Memorandum Opinion and Judgment No. 4074 at 20–21, 1999 WL 494991 at *10–11.

25. *Id.* at 21, 1999 WL 494991 at *11.

26. *See, e.g., Jones v. Barnes,* 463 U.S. 745, 751–54, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987 (1983); *Coffman v. State,* 172 P.3d 804, 812 (Alaska App.2007); *Tucker v. State,* 892 P.2d 832, 836 (Alaska App.1995) (citations omitted).

27. *Barnes,* 463 U.S. at 751, 103 S.Ct. at 3313.