NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JASON EARL SELVESTER,<br><br>                 Appellant,<br><br>        v.<br><br>STATE OF ALASKA,<br><br>                 Appellee. | Court of Appeals No. A-11746<br>Trial Court No. 3AN-13-8347 CI<br>(Related case: 3AN-11-13426 CR)<br><br><br>O P I N I O N<br><br>No. 2452 – May 8, 2015 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Jason Earl Selvester, *in propria persona*, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge MANNHEIMER.

While Jason Earl Selvester was awaiting trial for sexual assault, he filed a *pro se* petition for writ of habeas corpus, raising a speedy trial claim that he could have raised in his criminal case. Under Alaska law, a writ of habeas corpus can not be used as a "substitute for ... any remedy incident to the proceedings in the trial court." Alaska

Civil Rule 86(n). More specifically, in *Kolody v. State*, we observed that "Alaska Civil Rule 86(n) codifies the rule that the writ of habeas corpus is an extraordinary remedy, and that litigants are not allowed to seek habeas corpus relief if they are entitled to seek relief using normal trial court or appellate procedures." [1]

But instead of dismissing Selvester's habeas petition and directing Selvester to pursue his speedy trial claim in his pending criminal case, the superior court entertained Selvester's petition and denied Selvester's speedy trial claim on its merits — both in an initial decision and in a subsequent decision on reconsideration.

Selvester now appeals the superior court's denial of his speedy trial claim in the habeas corpus litigation.

Because Selvester could have raised his speedy trial claim by filing a motion in his pending criminal case, it was error for the superior court to entertain Selvester's speedy trial claim in a separate habeas corpus case, and it was error for the court to decide that claim on its merits. The superior court should have dismissed Selvester's habeas petition, without ever reaching the merits of his speedy trial claim, and it should have directed Selvester to pursue his speedy trial claim in his ongoing criminal case.

We must therefore vacate the superior court's decision. But we are also left with a procedural problem created by the superior court's mistaken decision to let Selvester litigate his speedy trial claim in the habeas corpus case.

It does not appear that Selvester ever independently raised his speedy trial claim in his criminal case — the forum where it should have been raised. (We say this because Selvester has filed a separate appeal of his convictions in that related criminal case, 3AN-11-13426 CR, and Selvester has not included a speedy trial claim among his

---

[1] *Kolody v. State*, 172 P.3d 842, 843 (Alaska App. 2007).

"statement of points on appeal" in that other appeal. *See Selvester v. State*, Court of Appeals File No. A-12025.)

One potential reason why Selvester did not separately raise his speedy trial claim in his related criminal case is that his defense attorney did not wish to raise this claim.

Selvester was represented by counsel in his criminal case, so it would have been his attorney's decision (not Selvester's decision) whether to pursue a speedy trial claim in that criminal case.[2] Conceivably, Selvester asked his attorney to raise a speedy trial claim, but the attorney declined, so Selvester filed his *pro se* habeas petition to try to litigate an issue his defense attorney in the criminal case refused to pursue.

On the other hand, it is conceivable that Selvester and his attorney never discussed the speedy trial claim — that Selvester came up with this issue and then simply chose to raise this claim independently in the habeas corpus action.

If this was the situation, then Selvester was potentially deprived of his right to counsel — because he represented himself when he litigated the speedy trial claim in the habeas corpus action, but he would have had the assistance of counsel if this claim had been raised in the criminal case. And at least potentially, Selvester may have failed to raise the speedy trial claim in his criminal case because he thought he already had an appealable adverse ruling in the habeas corpus case.

If Selvester was indeed prejudiced by the superior court's actions in this habeas corpus case — either in the way we described in the preceding paragraph, or in some other way — Selvester must pursue post-conviction relief under Alaska Criminal Rule 35.1 if he wishes to seek a remedy.

---

[2]     *See McLaughlin v. State*, 173 P.3d 1014, 1016 (Alaska App. 2007); *Simeon v. State*, 90 P.3d 181, 184 (Alaska App. 2004).

*Conclusion*

We VACATE the superior court's decision regarding the merits of Selvester's speedy trial claim. The superior court should have dismissed the habeas corpus litigation as soon as it became clear that Selvester was trying to litigate an issue that could be raised in his related criminal case.