NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| DIMITRIOS NICKOLAOS ALEXIADIS, | Court of Appeals No. A-12101 |
| Petitioner, | Trial Court No. 3AN-14-1088 CR |
| v. | O P I N I O N |
| STATE OF ALASKA, | |
| Respondent. | No. 2493 — February 26, 2016 |

Objection and request for judicial review of a decision made by the Clerk of the Appellate Courts.

Appearances: Josie W. Garton, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. David T. Jones, Senior Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

This case involves an indigent criminal defendant who is receiving the services of court-appointed counsel (*i.e.*, counsel at public expense). The question

_____

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

before us is whether the defendant must pay attorney's fees under Alaska Appellate Rule 209(b)(6) if their attorney pursues an interlocutory petition for review during the litigation of the case in the trial court, before the trial court has entered a final judgement in the case. For the reasons explained here, we conclude that the answer is no.

Dimitrios Nickolaos Alexiadis was charged with three counts of second-degree assault, and he reached a plea agreement with the State. Under the terms of this agreement, Alexiadis would plead guilty to a single consolidated count of second-degree assault, with open sentencing, but the State would refrain from pursuing any aggravating factors — thus ensuring that Alexiadis would receive no more than 3 years to serve (the upper end of the applicable presumptive sentencing range).

When this plea agreement was initially presented to the superior court, the court accepted Alexiadis's guilty plea. But after the superior court reviewed Alexiadis's pre-sentence report, the court rejected the plea agreement as too lenient. More specifically, the court found that the agreement was too lenient because the State had agreed not to pursue aggravating factors. In essence, the court directed the State to pursue aggravating factors or otherwise modify the charge to increase the allowable sentencing range.

Alexiadis petitioned this Court to review and reverse the superior court's rejection of the plea agreement, arguing that the superior court had no authority to reject the agreement on this ground. The State initially opposed Alexiadis's petition, but the State later decided to support Alexiadis's position and to concede that the superior court had committed error.

In *Alexiadis v. State*, 355 P.3d 570 (Alaska App. 2015), this Court agreed with Alexiadis (and the State) that the superior court lacked the authority to order the State to pursue aggravating factors if those factors would require a jury trial under

– 2 –                    2493

*Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We therefore reversed the decision of the superior court. *Alexiadis*, 355 P.3d at 573.

After we issued our decision, the Clerk of the Appellate Courts notified Alexiadis that she intended to enter judgement against him for attorney's fees in the amount of $1000. The Clerk's action gave rise to a new controversy.

Alaska Appellate Rule 209(b)(6) establishes a schedule of fees that indigent defendants must pay toward the cost of their court-appointed attorney if the defendant pursues various specified types of appellate litigation. The fourth clause of Appellate Rule 209(b)(6) is a residual clause that specifies the attorney's fee to be assessed for "other appellate actions" — *i.e.*, types of appellate litigation that are not specifically covered by any other clause of the rule. Petitions for review fall within this residual clause.

In felony cases (like Alexiadis's case), the attorney's fee for "other appellate actions" is $1000. This is why, after this Court issued our decision in Alexiadis's case, the Clerk of the Appellate Courts notified Alexiadis that she intended to enter a monetary judgement against him in the amount of $1000. Alexiadis has filed an objection to the Clerk's decision.

Alexiadis's objection is premised on the assertion that Appellate Rule 209(b) is based on, and is intended to implement, AS 18.85.120(c) — the statute that authorizes the State of Alaska to enter judgement against indigent defendants for a portion of the cost of their court-appointed counsel. See *State v. Albert*, 899 P.2d 103, 104 (Alaska 1995), which describes Appellate Rule 209(b) as "set[ting] forth procedures which implement the recoupment system" established by AS 18.85.120(c).

Alexiadis notes that AS 18.85.120(c) speaks only of defendants who have been *convicted* of a crime.[2] Likewise, Alaska Criminal Rule 39(c) (the rule that implements AS 18.85.120(c) in trial court proceedings) authorizes trial courts to impose attorney's fees on indigent defendants only if the trial court proceeding results in the entry of judgement against the defendant or (in the case of collateral attacks on a conviction) the re-affirmation of a previously entered judgement.[3]

Based on this, Alexiadis argues that Appellate Rule 209(b) must not be interpreted to impose fees on defendants who, like Alexiadis, pursue *interlocutory* litigation — that is, litigation that takes place before any judgement of conviction has been entered.

Because this Court had not previously considered this question, we asked the State to respond to Alexiadis's argument. In its response, the State discusses both the wording and the legislative history of AS 18.85.120, and the State concludes that the statute is ambiguous on the question of whether attorney's fees can be imposed on

---

[2] AS 18.85.120(c) declares, in pertinent part:

Upon [a] person's conviction, the court may enter a judgment that a person for whom counsel is appointed pay for services of representation and court costs. Enforcement of a judgment under this subsection may be stayed by the trial court or the appellate court during the pendency of an appeal of the person's conviction.

[3] Alaska Criminal Rule 39(c)(1)(A) reads:

Entry of Judgment. ... At the time of sentencing, revocation of probation, denial of a motion to withdraw plea, [or] denial of an application brought under Criminal Rule 35.1, the court shall inquire whether there is good cause why the court should not enter judgment for the cost of appointed counsel in the amount set out in subsection (d) of this rule. If no one asserts good cause to reduce the amount called for in subsection (d), the court shall enter judgment against the defendant in that amount. If it is alleged that there is good cause to reduce the normal amount, the court may either decide the issue at that time and enter judgment accordingly or schedule another hearing to consider the issue.

defendants who pursue appellate litigation before any judgement of conviction has been entered against them.

To resolve this ambiguity, the State suggests that we should assume the correctness of Alexiadis's interpretation of the statute (that it only authorizes the imposition of attorney's fees after a defendant is convicted), and that we should adopt a novel procedure to delay any imposition of attorney's fees until it can be ascertained whether the defendant is convicted.

Specifically, the State proposes that, with respect to every interlocutory petition for review filed by an indigent defendant, this Court should hold the petition open for an indefinite period of time — even *after* the Court has decided the petition — until we finally know (1) whether the defendant was convicted, and (2) whether the defendant's conviction became final, either because it was affirmed on appeal or because the defendant declined to file an appeal. Under the State's proposal, final action in the case would be deferred — for however long it took — to see whether the defendant ended up being convicted. Then, if the defendant was convicted (and the conviction became final), the Clerk would impose attorney's fees in connection with the defendant's interlocutory petition for review.

The procedure envisioned by the State would be awkward at best. But we believe that the State's general approach to this problem — *i.e.*, viewing interlocutory petitions for review as simply one aspect of the underlying criminal litigation — does indeed suggest the proper resolution of the issue before us.

As we noted earlier, Alaska Criminal Rule 39(c) authorizes a court to impose attorney's fees on an indigent defendant only at the end of the trial court proceeding (and only if that proceeding ends in the entry of judgement against the defendant).

The applicable amount of attorney's fees is set forth in subsection (d) of Criminal Rule 39. This schedule establishes fees in various amounts, depending on the type of proceeding and how that proceeding was resolved (*e.g.*, with a plea bargain as opposed to a trial). But the amounts set out in Criminal Rule 39(d) are only rough approximations of the time and effort that a court-appointed defense attorney might have spent on the defendant's case. The amounts specified in the rule do not hinge on the details of *how* the defense attorney litigated the case — for example, the number of motions filed by the defense attorney, or the number of hours the attorney spent in negotiation with the prosecutor, or the number of days the attorney spent in trial. Rather, the defendant is ordered to pay a "package" fee that covers all of the individual actions that their attorney undertook in litigating the case.

In *McLaughlin v. State*, 173 P.3d 1014 (Alaska App. 2007), this Court held that the decision whether to pursue an interlocutory petition for review — "the decision whether to seek immediate appellate review of a trial court's non-appealable order" — is a tactical decision to be made by the defense attorney. *Id.* at 1014, 1016-17. In other words, filing (or not filing) an interlocutory petition for review is simply one aspect of litigating the case. It is akin to the attorney's decision to file (or not file) any of the other potential motions in the case.

We acknowledge that there is one obvious distinction between a petition for interlocutory appellate review and other potential trial court motions: a petition for review creates work for another level of court. But the attorney's fees established under AS 18.85.120(c) and the corresponding court rules (Criminal Rule 39(c) and Appellate Rule 209(b)) are not intended to compensate the State for the work of judges, law clerks, and Court System administrative and clerical staff. Rather, these fees are intended to compensate the State for the work of defense attorneys employed at public expense.

An appeal that challenges an already-entered conviction is reasonably categorized as a separate proceeding — a separate unit of attorney work, for which the State can impose a separate attorney's fee on a defendant who is represented at public expense. But our decision in *McLaughlin* implicitly holds that interlocutory petitions for review should be regarded as an aspect of the work done by the attorneys who are appointed to represent indigent criminal defendants in the trial court. And under Criminal Rule 39(c), if the defendant is later convicted, the *trial court* will order the defendant to pay the appropriate scheduled amount for their attorney's services.

For these reasons, we agree with Alexiadis that the Clerk of the Appellate Courts should not enter judgement against him for an attorney's fee under Appellate Rule 209(b)(6). Indigent defendants should not pay an additional attorney's fee if the court-appointed attorney or law firm who is representing them in the trial court chooses to pursue an interlocutory petition for review in the middle of the trial court proceedings.

The Clerk's decision to enter judgement against Alexiadis for attorney's fees under Appellate Rule 209(b)(6) is REVERSED.