NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| LOREN J. LARSON JR., | Court of Appeals No. A-13849 |
| Appellant, | Trial Court No. 4FA-16-02876 CI |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| Appellee. | No. 2743 — April 7, 2023 |

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Paul R. Lyle, Judge.

Appearances: Loren J. Larson Jr., *in propria persona*, Wasilla, Appellant. Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Harbison and Terrell, Judges.

Judge TERRELL.

In 1998, Loren J. Larson Jr. was convicted of a double homicide, and this Court affirmed his convictions on direct appeal.[1] In 2001, Larson filed an application for post-conviction relief in which he asserted that he was entitled to a new trial because

---

[1] *Larson v. State*, 2000 WL 19199 (Alaska App. Jan. 12, 2000) (unpublished).

of juror misconduct.[2] The superior court dismissed this application because all of Larson's claims of juror misconduct were based on juror affidavits that were inadmissible under Alaska Evidence Rule 606(b), and this Court affirmed the dismissal on appeal.[3] In the years since then, Larson has pursued numerous collateral attacks on his convictions based on these same claims of juror misconduct.[4]

This appeal is from the dismissal of a successive application for post-conviction relief alleging ineffective assistance of counsel in Larson's first post-conviction relief action.[5] Larson argued that his attorney in his first post-conviction relief action was ineffective because the attorney decided not to file a petition for rehearing with this Court after we issued our opinion affirming the superior court's dismissal of the application, instead of allowing Larson to make this decision himself. According to Larson, the decision regarding whether to file a petition for rehearing belongs to the defendant, not the attorney. The superior court rejected this claim,

---

[2]  *Larson v. State*, 79 P.3d 650, 652 (Alaska App. 2003).

[3]  *Id.* at 652-53.

[4]  *See Larson v. Superior Court*, 2020 WL 5946629, at *1 & n.1 (Alaska App. Oct. 7, 2020) (unpublished) (collecting Larson's numerous post-conviction litigation efforts related to juror misconduct allegations).

[5]  *See Grinols v. State*, 74 P.3d 889 (Alaska 2003) (holding that criminal defendants have a right to challenge the effectiveness of their post-conviction relief counsel in a subsequent application for post-conviction relief). Although SLA 2007, ch. 24, § 36(c) provides a deadline of July 1, 2008 for *Grinols* applications from post-conviction relief actions that became final before July 1, 2007, the State did not argue in the superior court that Larson's application was untimely. The State did argue that Larson's application was barred by AS 12.72.020(a)(5) and (6), which prohibit successive litigation, and by *res judicata*. But Larson asserted that he was unaware of the availability of a petition for rehearing when he filed his earlier actions and that he therefore was unable to bring this claim previously. The superior court resolved the issue on the merits, rather than resolving these procedural issues. We do so as well.

concluding that the decision whether to file a petition for rehearing is a tactical decision that belongs to the attorney and not the defendant.

We have never directly addressed whether the defense attorney or the defendant has the final decision on whether to file a petition for rehearing following an appellate decision, but we have considered analogous situations. In *McLaughlin v. State*, we held that it is the decision of the attorney, not the defendant, whether to file a petition for review in this Court following a non-final, adverse trial court decision.[6] We based our decision in part on the text of Alaska Rule of Professional Conduct 1.2(a), which provides that the defendant must make the ultimate decision regarding "a plea to be entered, whether to waive jury trial, whether [they] will testify, and whether to take an appeal."[7] Because Alaska Appellate Rule 402 provides for petitions for review only in circumstances "not appealable under [Appellate] Rule 202," we concluded that the decision whether to file a petition for review could not be considered a decision "whether to take an appeal" and therefore that the decision to file a petition for review was a decision for the attorney.[8]

In addition to this textual analysis, we noted that our conclusion was consistent with the division of authority that exists between the attorney and the defendant in related contexts.[9] While the defendant has the final decision whether to file an appeal, the attorney has the final decision regarding what arguments to raise on

---

[6]     *McLaughlin v. State*, 173 P.3d 1014, 1015-17 (Alaska App. 2007).

[7]     *Id.* at 1015-16.

[8]     *Id.*

[9]     *Id.* at 1016.

appeal.[10] And in a trial court, the attorney, not the defendant, has the final decision on whether to call or cross-examine a witness and whether to file a motion.[11] We concluded that it would be inconsistent to hold that the defendant has the right to file a petition for review of a specific trial court decision when the attorney would have the final decision whether to challenge that decision in an appeal once the case became final.[12] We explained,

> Whether to petition for review is generally a complicated strategic and tactical decision that is best left to the attorney. In general, if a client is convicted, the attorney can then challenge any ruling made by the trial court. Allowing a client to independently file a petition for review would raise the distinct possibility that such a procedure would cause the client to undermine his counsel's trial tactics and would cause an undue burden on his attorney, the courts, and the State.[13]

In *Smith v. State*, we considered a situation where we had reversed on one claim and rejected the other claims Smith raised in his direct appeal.[14] The State then filed a petition for hearing in the Alaska Supreme Court, and the supreme court reversed our decision, affirming the superior court.[15] In an application for post-conviction relief,

---

[10]  *Id.* (discussing *Jones v. Barnes*, 463 U.S. 745, 750-51 (1983); *Tucker v. State*, 892 P.2d 832, 836 & n.7 (Alaska App. 1995); *Coffman v. State*, 172 P.3d 804, 807-08, 810-12 (Alaska App. 2007)).

[11]  *Id.* (discussing *Taylor v. Illinois*, 484 U.S. 400, 418 (1988); *Martin v. State*, 797 P.2d 1209, 1217 (Alaska App. 1990)).

[12]  *Id.*

[13]  *Id.* at 1016-17.

[14]  *Smith v. State*, 185 P.3d 767, 768 (Alaska App. 2008) (citing *Smith v. State*, 1999 WL 494991, at *9 (Alaska App. July 14, 1999) (unpublished), *rev'd*, 38 P.3d 1149 (Alaska 2002)).

[15]  *Id.* at 768 (citing *Smith*, 38 P.3d at 1161).

Smith challenged his attorney's decision to file only an opposition to the State's petition for hearing and not to file a cross-petition for hearing challenging our rejection of his other appellate claims.[16] As in *McLaughlin*, we concluded that the decision whether to file a cross-petition for hearing in the supreme court belongs to the attorney and not the defendant.[17]

We based our decision in *Smith* on the complexity of the tactical decision whether to file a cross-petition for hearing. We explained that, at the time of the State's petition for hearing, Smith's attorney had already won reversal of Smith's convictions and a retrial with significantly weaker evidence. Under these circumstances, a competent attorney might reasonably conclude that it was best to argue there was no reason for the supreme court to grant discretionary review in the case, rather than arguing for the supreme court to grant review on additional issues, which might make the court more likely to grant review in the case.[18]

As in *McLaughlin*, we noted that our decision was consistent with the principle that, although the defendant has the right to determine whether to file an appeal, the tactical decision of what arguments to raise on appeal is for the attorney. We explained, "The decision that Smith's appellate counsel had to decide in determining whether to file a cross-petition for hearing is remarkably similar to the decision that counsel has to make in deciding which issues to raise on appeal — would raising this additional issue help or hinder the client?"[19]

---

[16]   *Id.*

[17]   *Id.* at 769-70.

[18]   *Id.*

[19]   *Id.* at 770.

The same considerations that were present in *McLaughlin* and *Smith* exist here too. The attorney who represented Larson in his first post-conviction relief action submitted an affidavit explaining why he decided not to file a petition for rehearing in this Court. The attorney explained that, based on the language we used in our opinion, he did not believe that a petition for rehearing would be successful. But he believed that he could write a compelling petition for hearing (for review by the supreme court) by focusing on some of the language that we had used in our opinion, and he worried that we might change some of this language if he filed a petition for rehearing in this Court. He therefore believed that the best course of action was not to file a petition for rehearing. The decision Larson's attorney faced after we rejected Larson's appeal in his first post-conviction relief action is representative of the types of decisions that must be made when deciding whether to file a petition for rehearing and shows the complexity of these tactical decisions.

Additionally, the decision whether to file a petition for rehearing is a continuation of the decision of which issues to raise on appeal. Alaska Appellate Rule 506(a) allows for an appellate court to rehear a decision only if:

> (1) The court has overlooked, misapplied or failed to consider a statute, decision or principle directly controlling; or
>
> (2) The court has overlooked or misconceived some material fact or proposition of law; or
>
> (3) The court has overlooked or misconceived a material question in the case.

Rule 506(a) expressly provides, "A rehearing will not be granted if it is sought merely for the purpose of obtaining a reargument on and reconsideration of matters which have already been fully considered by the court." It would be inconsistent to say that the attorney, not the defendant, has the final decision of which issues to raise on appeal but

2743

that the defendant has the final decision whether to argue that the court overlooked or misconceived the facts or law when resolving those issues.

A rule that the attorney, not the defendant, has the final decision whether to file a petition for rehearing is also consistent with the rule that trial counsel, and not the defendant, has the final decision over whether to file a motion. And a contrary rule allowing the defendant to demand a petition for rehearing be filed could "cause an undue burden on his attorney, the courts, and the State."[20]

We recently held in *Mack v. State* that the defendant has the final decision whether to file a petition for hearing with the Alaska Supreme Court after losing their appeal in this Court.[21] But "the petition for hearing is an important part of the appellate process in Alaska, and it serves as the final opportunity in state court for the defendant to have their claims heard."[22] It "provides the last pathway to ensure that the defendant's substantial rights were observed during the trial and sentencing phases of the proceedings."[23] This is unlike a petition for rehearing, which is not a vehicle for rearguing a case.[24]

---

[20]   *McLaughlin v. State*, 173 P.3d 1014, 1017 (Alaska App. 2007).

[21]   *Mack v. State*, 523 P.3d 1235, 1251-53 (Alaska App. 2023).

[22]   *Id.* at 1244.

[23]   *Id.* (quoting *State v. Uchima*, 464 P.3d 852, 863 (Haw. 2020)).

[24]   Alaska Appellate Rule 304 provides that a petition for hearing may be granted if "[t]he decision of the intermediate appellate court is in conflict with a decision of the Supreme Court of the United States or the supreme court of the state of Alaska, or with another decision of the court of appeals" — a ground which is similar to the grounds for granting a petition for rehearing. But the rule also provides that a petition for hearing may be granted if "[t]he intermediate appellate court has decided a significant question concerning the interpretation of the Constitution of the United States or the Constitution of Alaska, which question has not previously been decided by the Supreme Court of the United States or the supreme court of the state of Alaska"; "[t]he intermediate appellate court has decided a significant question of law, having substantial public importance to

We therefore conclude that the decision whether to file a petition for rehearing rests with the attorney, not the defendant. As such, Larson's claim that his attorney should have given him this choice fails.

The superior court also considered whether Larson's attorney was ineffective in deciding not to file a petition for rehearing. The court concluded that the attorney made a reasonable tactical decision not to file a petition for rehearing and, therefore, he provided competent representation.[25] It is unclear whether Larson is also challenging this ruling on appeal. To the extent that Larson is appealing the superior court's ruling that his attorney was not ineffective in declining to file a petition for rehearing, we agree with the superior court that Larson's attorney made a reasonable tactical decision and, therefore, acted competently.

Finally, Larson argues that he received inadequate notice of one of the rationales the superior court used to dismiss his application. Specifically, the superior court noted that the affidavit of Larson's attorney failed to address one of the arguments that Larson made about why a petition for rehearing should have been filed, and the superior court concluded that Larson's application therefore failed to present a prima facie case on this argument. But the State never argued in its motion to dismiss that the

others than the parties to the present case, which question has not previously been decided by the supreme court of the state of Alaska"; or "[u]nder the circumstances, the exercise of the supervisory authority of the court of discretionary review over the other courts of the state would be likely to have significant consequences to others than the parties to the present case, and appears reasonably necessary to further the administration of justice." And the rule states that these grounds for granting a petition for hearing are "neither controlling nor fully measuring that court's discretion" and instead "indicate[] the character of reasons which will be considered."

[25]  *See State v. Jones*, 759 P.2d 558, 569-70 (Alaska App. 1988) (holding that, when an attorney has made a tactical choice, the defendant must show that the tactic itself was unreasonable — that is, that no reasonably competent attorney would have adopted the tactic under the circumstances).

attorney's affidavit was inadequate. We need not resolve whether Larson was denied adequate notice on this issue because the superior court went on to conclude that Larson still would not have presented a prima facie case even if the affidavit were adequate. Thus, any lack of notice was harmless.

The judgment of the superior court is AFFIRMED.