726 S.E.2d 1

**Michael Jermaine GOINS, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 27126.**

Supreme Court of South Carolina.

Submitted March 21, 2012.

Decided May 16, 2012.

570

Deputy Chief Appellate Defender Wanda H. Carter, South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen C. Ratigan, Office of the Attorney General, of Columbia, for Respondent.

Justice HEARN.

Michael Jermaine Goins pled guilty to possession with intent to distribute crack cocaine, second offense, and possession with intent to distribute crack cocaine within the proximity of a school. He received a negotiated ten-year sentence for both convictions, to run concurrently. We granted certiorari to review the circuit court's denial of post-conviction relief (PCR). Goins argues the PCR court erred in failing to find plea counsel ineffective for allowing Goins to plead guilty when the drugs obtained were found pursuant to an illegal search. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Goins, a guest at the Darlington Motel, returned to his room to find police officers waiting for him inside. According to Goins, the police told him they did not have a warrant but they suspected someone in the room had been selling drugs. He further claimed the police told him they found drugs in a shirt pocket of one of the shirts in the room, and they subsequently arrested him. Goins' plea counsel testified at the PCR hearing that he believed the police were waiting in Goins' motel room to arrest him on distribution charges and that the drugs at issue were found on his person in a search incident to the arrest, as well as in the room.

Goins was indicted for distribution of crack cocaine, distribution of crack cocaine within the proximity of a school, possession with intent to distribute crack cocaine, and possession with intent to distribute crack cocaine within the proximity of a school. According to plea counsel, Goins was prepared to go to trial but he ultimately decided to plead guilty to the two possession charges because the State offered to drop the distribution charges. He therefore accepted the plea offer and pled guilty, specifically acknowledging during the plea colloquy his understanding that by pleading guilty, he would not be able to allege that the evidence against him was illegally obtained through an unconstitutional search and seizure. Goins received a negotiated sentence of ten years, to run concurrently, on both possession charges. He later appealed, but withdrew it and filed for PCR.

At the PCR hearing, Goins argued counsel was ineffective in advising him that the drugs at issue in his charges for possession with intent to distribute were legally seized by police and that he would likely lose a suppression hearing. According to Goins, the police entered his room at the Darlington Motel without a search warrant, arrest warrant, or valid consent and thus the drugs were the product of an unconstitutional search. Nevertheless, he testified he pled guilty after being advised the drugs were lawfully obtained, and he denied there were any other charges that were dropped in exchange for his plea. Goins therefore contended that he would not have negotiated a plea had he been informed the search was potentially unconstitutional.

Counsel testified the police had gone to the motel to arrest Goins on distribution charges based on a video they had of him selling drugs. Although he said Goins consistently denied being the individual on the tape, counsel noted that it "looked just like [Goins]" and he thought the State had still photographs of the transaction as well. Counsel acknowledged that he had informed Goins that "the law favored the landlord," and he thought it was unlikely they would prevail in a suppression hearing. However, when asked whether this conclusion led Goins to plead guilty, counsel stated that it was not until "the Solicitor agreed to drop the distribution charge that [Goins] became much more amenable to a plea" and that "[Goins] agreed to negotiate because there was no mystery as to what would happen if he went out there and pled guilty. He would get the ten years." He also noted that if Goins had elected to proceed with the suppression hearing, he would have lost the plea deal.

The PCR court found Goins' testimony was not credible and counsel's testimony was credible. The court concluded the drugs at issue had been found "when the police came to [Goins'] hotel room to serve the distribution warrant." The court's order further stated counsel properly advised Goins of his belief that he would not prevail in the suppression hearing. The court also found that Goins "chose to plead guilty after the State offered to dismiss two charges and recommend a ten year sentence." Ultimately, the court held Goins failed to prove counsel was ineffective or that he was prejudiced by

counsel's performance and dismissed his application with prejudice. We granted certiorari to review the PCR court's order.

## LAW/ANALYSIS

Goins contends his plea counsel was ineffective for erroneously advising him to accept the plea offer when a suppression hearing would likely have resulted in those charges being dismissed. Because we find no prejudice, we disagree.

 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must first demonstrate that counsel was deficient and then must also show this deficiency resulted in prejudice. *Id.* To satisfy the first prong, a defendant must show counsel's performance "fell below an objective standard of reasonableness." *Franklin v. Catoe,* 346 S.C. 563, 570–71, 552 S.E.2d 718, 722 (2001). "However, there is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Edwards v. State,* 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) (internal quotation omitted).

 To satisfy the second prong of the analysis in the context of an allegation that a guilty plea was improvidently accepted, the " 'defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Stalk v. State,* 383 S.C. 559, 562, 681 S.E.2d 592, 594 (2009) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

 The applicant in a PCR hearing bears the burden of establishing he is entitled to relief. *Lomax v. State,* 379 S.C. 93, 100, 665 S.E.2d 164, 168 (2008). "This Court will uphold the findings of the PCR court when there is any evidence of probative value to support them, and will reverse the decision of the PCR court when it is controlled by an error of law." *Id.* at 101, 665 S.E.2d at 168. The PCR court's findings on matters of credibility are given great deference by this Court. *Simuel v. State,* 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010).

574

■■■■ The Fourth Amendment generally protects a motel guest from unwarranted intrusions where police have entered a guest's room under no other authority than the consent of an employee. *See, e.g., Stoner v. California,* 376 U.S. 483, 490, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) (noting that "a guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures. That protection would disappear if it were left to the unfettered discretion of an employee of the hotel" (internal citations omitted)); *United States v. Jeffers,* 342 U.S. 48, 50, 72 S.Ct. 93, 96 L.Ed. 59 (1951) (excluding evidence as illegally obtained where officers, without a warrant, obtained a key to the hotel room of defendant's aunts—with whom he was staying—and conducted a search while the occupants were away); *State v. Moultrie,* 271 S.C. 526, 529, 248 S.E.2d 486, 488 (1978) (noting that "a hotel manager may not effectively consent to a search of a guest's room"). However, police are allowed to enter a hotel room to arrest an occupant when acting pursuant to a valid arrest warrant. *State v. Sims,* 304 S.C. 409, 419, 405 S.E.2d 377, 383 (1991). Entry without a warrant also can be justified in some cases where exceptional circumstances are present. *See Jeffers,* 342 U.S. at 52, 72 S.Ct. 93. Furthermore, a warrantless search made incident to that arrest would likewise be permissible provided it is "substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." *State v. Freiburger,* 366 S.C. 125, 132, 620 S.E.2d 737, 740 (2005).

■■■■ Although the PCR court found that the police were in Goins' room to serve a warrant on the distribution charges, there is no evidence to support this finding in the record. Absent a warrant or exigent circumstances, the law is clear that a motel owner cannot lawfully consent to a search of a guest's room. However, in his PCR testimony as to why he advised against proceeding with the suppression hearing, counsel stated: "I told him in the suppression hearing that the law favored the landlord or basically that the proprietor of the motel being able to consent—excuse me. Being able to unlock the door and let someone in." This unqualified statement is clearly inaccurate considering the search and seizure jurisprudence that specifically recognizes a landlord or motel owner does not enjoy an unfettered right to grant entry into the

rented guest rooms of his establishment. We therefore agree with Goins that counsel informing him he could not have prevailed in the suppression hearing was erroneous and does not reflect "reasonable professional judgment."

 Nevertheless, there is evidence to support the PCR court's finding that Goins failed to prove he would have gone to trial absent the erroneous legal advice. The PCR court's order found that Goins "chose to plead guilty after the State offered to dismiss two charges and recommend a ten year sentence," and we find this conclusion well-supported by evidence in the record. Counsel testified at the PCR hearing the reason Goins became interested in negotiating a plea was the State's offer to drop the distribution charges-not because he feared a negative result at the suppression hearing. Furthermore, during the guilty plea colloquy, counsel informed the judge that although he had prepared to go to trial, he was able to negotiate the plea after the State offered to dismiss the distribution charges. Although Goins testified at the PCR hearing that he accepted the plea because of the erroneous advice on the suppression of the evidence, his testimony specifically was found not to be credible. We therefore find evidence to support the PCR court's finding that Goins failed to prove he was prejudiced by counsel's ineffective assistance because he has not demonstrated he would have gone to trial absent the erroneous advice.

## CONCLUSION

Although counsel provided ineffective assistance in failing to properly advise Goins on the law regarding whether a motel owner can freely admit police into a rented room, Goins has failed to prove this advice was his reason for electing not to go to trial and has thus failed to establish prejudice. We therefore affirm the circuit court order denying Goins' PCR application.

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.