**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Barrett Bernard Harris, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2009-115486

———————————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-438
Heard May 9, 2012 – Filed July 18, 2012

———————————

**AFFIRMED**

———————————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Suzanne H. White, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Barrett Bernard Harris appeals the denial of his application for post-conviction relief (PCR). We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2003, Harris was indicted for possession with intent to distribute crack cocaine. He was tried and found guilty. During the sentencing phase, the solicitor stated that Harris was convicted in 1990 "of three counts of distribution of crack cocaine; and again, in 1990, another conviction for distribution of crack cocaine." Harris did not dispute this statement or otherwise object. Pursuant to the version of section 44-53-375(B)(3) of the South Carolina Code (2002) in effect at the time he committed the offense for which he was tried, the court sentenced Harris to twenty-eight years imprisonment and ordered him to pay a $100,000 fine, noting this was his "third offense drugs." Harris filed a direct appeal, challenging an evidentiary ruling. This court affirmed in an unpublished opinion. *State v. Harris*, Op. No. 2007-UP-551 (S.C. Ct. App. filed Dec. 14, 2007).

In March 2008, Harris filed a form application for PCR, alleging ineffective assistance of counsel. After a hearing on December 11, 2008, the court of common pleas issued an order denying PCR.

Subsequently, Harris, now represented by counsel, petitioned for certiorari; however, his PCR attorney also asserted the petition was without merit and requested permission to withdraw from further representation. Pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), this court denied counsel's petition to be relieved, granted the petition for a writ of certiorari, and ordered the parties to brief the following issues: (1) whether Harris's PCR counsel preserved for appellate review the issue of trial counsel's alleged ineffective assistance and (2) whether trial counsel was ineffective in failing to investigate the possibility that Harris's 1990 convictions for possession with intent to distribute should be considered a single offense for sentencing purposes.

## LAW/ANALYSIS

1. The PCR court did not, as required by section 17-27-80 of the South Carolina Code (2003), "make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented," and only stated in its order that "[a]ny allegation not addressed herein is likewise denied and dismissed." This shortcoming, however, is not necessarily dispositive of this appeal. *See McCray v. State*, 305 S.C. 329, 330, 408 S.E.2d 241, 241 (1991) (holding the PCR court's

conclusions regarding ineffective assistance of counsel were "insufficient for appellate review and fail to meet the standard set forth in the statute," but reversing the order denying PCR and remanding for a new PCR hearing); *Pearson v. Harrison*, 9 Fed. Appx. 85 (4th Cir. 2001) (observing that "the South Carolina Supreme Court has consistently vacated and remanded PCR court judgments that do not contain findings on issues presented to the PCR court" rather than require the applicant to move to alter or amend in order to obtain appellate review).

2. We agree with Harris that his trial counsel's failure to make the necessary inquiries about his prior record amounted to ineffective assistance. Harris's trial counsel testified he did not investigate the possibility that Harris may have been arrested at the same time on the corresponding charges. He also admitted he did not object to the solicitor's presentation of Harris's prior record when Harris was sentenced and did not know whether Harris could have received a more lenient sentence because his 1990 convictions on drug-related offenses should have been considered as a single conviction rather than as multiple convictions. These failures to inquire amount to deficient performance. *See Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) ("[C]riminal defense attorneys have a duty to undertake a reasonable investigation, which at a minimum includes interviewing potential witnesses and making an independent investigation of the facts and circumstances of the case.").

3. Nevertheless, we affirm the denial of PCR because Harris presented no evidence to the PCR court that he was prejudiced by the failure of his trial counsel to investigate whether his prior record would entitle him to a more lenient sentence. *See Goins v. State*, 397 S.C. 568, ___, 726 S.E.2d 1, 3 (2012) (stating that to establish a claim of ineffective assistance of counsel, a convicted defendant must "first demonstrate that counsel was deficient and then must also show this deficiency resulted in prejudice"). Nothing in the transcript of record of either Harris's trial or his hearing in the court of common pleas suggests the three counts to which the solicitor referred were linked in such a way that together they could have been considered a single offense. Furthermore, as the State noted in its brief to this court, Harris never challenged the solicitor's reference to "another conviction for distribution of crack cocaine" in 1990 that was not one of the three convictions mentioned by the solicitor earlier. Because Harris presented no evidence that would discredit the solicitor's statements about his prior record, we affirm the denial of his petition for PCR. *See Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989) ("The appropriate scope of review of [the appellate court] is that 'any evidence' of probative value is sufficient to uphold the PCR judge's findings.") (quoting *Webb v. State*, 281 S.C. 237, 238, 314 S.E.2d 839, 839

(1984)); *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (stating the PCR applicant has the burden to prove the allegations in his or her application and noting the applicant must establish both deficient performance and prejudice to prove an allegation of ineffective assistance of counsel).

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**