**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0164. WRIGHT v. THE STATE.

MCMILLIAN, Judge.

Mark Wright was convicted by a jury of two counts of child molestation,[1] and sentenced to twenty years, ten to serve in prison. He appeals from the denial of his motion for new trial, arguing that the evidence was insufficient to convict him and that his counsel was ineffective. Having reviewed the record and transcript, and considered his claims of error, we now affirm.

1. Although Wright offers no specific argument in support of his enumeration that the evidence was insufficient to support his conviction, we have considered the evidence adduced at trial, including the victim's testimony, and find it sufficient

---

[1] Wright was charged with fondling the buttocks of the victim and showing her a pornographic video tape.

under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979) to authorize Wright's conviction of two counts of child molestation as charged in the indictment.

2. Wright next challenges the effectiveness of his trial counsel.

The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation and punctuation omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). And "[a] trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous." (Citation and punctuation omitted.) *Andrews v. State*, __ Ga. App. __ (1) (739 SE2d 445) (2013).

Moreover, in determining whether counsel's performance was deficient, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered

2

sound trial strategy." (Citation and punctuation omitted.) *Ellis v. State*, 292 Ga. 276, 286-287 (4) (e) (736 SE2d 412) (2013). Thus,

> decisions on which witnesses to call, whether to put on evidence so as to preserve the final word in closing argument, how to conduct cross-examinations, what motions to file, and what objections to make are strategic and tactical decisions that, after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel.

(Citations omitted.) *Schwindler v. State*, 254 Ga. App. 579, 589 (10) (563 SE2d 154) (2002). See also *Sevostiyanova v. State*, 313 Ga. App. 729, 738 (11) (e) (722 SE2d 333) (2012).

(a) We first consider[2] Wright's contention that his trial counsel was ineffective because he did not properly advise Wright of the risks associated with going to trial and the possible penalties he faced if convicted, with the result that Wright refused to accept the State's plea deal, which he says he now realizes he should have accepted.

---

[2] Wright has failed to follow our rules concerning the structure of his brief, particularly our rule regarding the sequence and numbering of enumerations of error and supporting arguments, see Court of Appeals Rule 25 (c) (1), which has hampered our ability to consider his claims of error.

As to this issue, the record shows that the State offered Wright a plea bargain deal of twenty years, two to be served in confinement. Following his conviction, Wright was sentenced to 20 years on each count, to run concurrently, with ten years to serve.

According to Wright's testimony at the motion for new trial hearing, he did not know that he was facing the possibility of a twenty-year sentence on each child molestation count until the day of trial. Further, he decided not to take the State's offer because his counsel advised him that he would have to register as a sex offender and because counsel told him that he believed Wright's case was "strong."

Trial counsel also testified at the motion for new trial hearing, and stated he informed Wright on at least one occasion that he could be sentenced to 20 years on each child molestation count, and that although he informed Wright that he "believed" the judge would sentence him to five years, he also advised him that he could not be sure what the judge would do. Further, trial counsel testified that Wright wanted the charges dismissed and was not willing to accept any plea deal that required confinement. Moreover, at a motions hearing about six months before trial, the trial judge questioned Wright on the record to make sure that Wright had been told about the State's plea offer, confirmed that Wright had rejected that offer, and

4

confirmed that Wright understood that he could be sentenced to whatever the judge thought was fair if he went to trial and was found guilty.

Based on the foregoing, we find that the record belies Wright's assertion that his trial counsel made "affirmative misrepresentations as to the penalties [he] faced." Thus, his reliance on cases such as *State v. Patel*, 280 Ga. 181, 183 (626 SE2d 121) (2006), in which trial counsel made affirmative misrepresentations in response to his client's direct inquiries about the consequences of the entry of a plea of nolo contendere on his medical license is clearly misplaced.

Further, "in order to succeed on his claim he must show not only deficient performance, but also resulting prejudice. In the context of a rejected plea offer, such prejudice can only be shown by some indication that the defendant was amenable to the offer." (Citation and punctuation omitted.) *Port v. State*, 295 Ga. App. 109, 112-113 (2) (b) (671 SE2d 200) (2008). Although Wright argues on appeal that he would have taken the State's plea offer if he had known the maximum penalty, the record again shows otherwise. First, as stated above, not only does the record, in fact, show that Wright knew otherwise, but it also shows that he was not amenable to any offer that involved any time spent in confinement, which, according to trial counsel, was the only offer the State was willing to make. Thus, Wright has also failed to meet the

5

prejudice prong of the ineffectiveness test. Id. Accordingly, this enumeration presents no grounds for reversal of the denial of Wright's motion for new trial.

(b) In his next enumeration, Wright claims that his counsel was ineffective because he failed to preserve all parts of the trial for review on appeal. However, although appellate counsel questioned both Wright and his trial counsel about the failure to have voir dire and the opening and closing remarks of counsel transcribed, Wright has posited no argument in support of this enumeration in his brief on appeal. Thus, this claim of error is deemed abandoned pursuant to Court of Appeals Rule 25 (c) (2).

(c) Wright also contends that his trial counsel was ineffective because he did not object when the trial court, at the jury's request, replayed the victim's videotaped interview and because he did not request that the trial court give instructions on replaying the video.

As Wright acknowledges, the decision whether to grant a jury's request to view a videotape of testimony or a statement a second time lies within the discretion of the trial court. "It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and

6

begun deliberations." *Lopez v. State*, 291 Ga. App. 210, 214 (3) (661 SE2d 618) (2008). Further, an instruction is not required absent a request. *Berman v. State*, 279 Ga. App. 867, 871 (5) (632 SE2d 757) (2006).

Trial counsel testified at the motion for new trial hearing that he did not object when the video was replayed because such an objection would be meritless. And it is well settled that failure to lodge a meritless objection does not equate to ineffective assistance of counsel. *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007). Further, trial counsel testified on cross-examination that he did not want to bring attention to the videotape because his strategy was to portray Wright as having nothing to hide. We cannot say this strategy was unsound; accordingly, this enumeration also provides no basis for reversal.

(d) Lastly, Wright contends his trial counsel was ineffective because he did not object to the admission of approximately nine pornographic videotapes that were introduced into evidence at trial.

The record shows that the basis of one of the counts of child molestation was that Wright had shown the victim a DVD containing "adult nudity and sexual conduct." As to that count, the victim testified that she was in Wright's bedroom watching cartoons when Wright entered the room, turned off the program she was

watching and inserted a DVD that showed nude people "laying down" and kissing. Wright also testified at trial, and denied that he showed the victim a pornographic video. Instead, according to Wright, the victim, who was at that time about eight years old, had, on her own initiative, started watching a "bachelorette party tape," which showed women in their "bra and panties and high heels, . . . gyrating [i]n front of guys," but which did not contain any nudity. Wright also identified the pornographic DVD's that were introduced into evidence, admitted they were his and said he kept them under the television in his bedroom.

Wright now argues that trial counsel should have objected when the DVD's were admitted into evidence,[3] arguing they were irrelevant and prejudicial to the issues being tried. However, we agree with the trial court that the DVD's were relevant and admissible on the disputed issue of whether Wright was guilty of showing the victim a DVD that depicted nude men and women engaged in sexual activity, as the victim testified at trial. See *Williams v. State*, 284 Ga. App. 255, 258-259 (3) (643 SE2d 749) (2007), and cites; *Frazier v. State*, 252 Ga. App. 627, 632-633 (7) (b) (557 SE2d 12) (2001); *Beck v. State*, 250 Ga. App. 654, 657 (2)

_____

[3] The videos were admitted through the testimony of the officer who searched Wright's residence and were not played for the jurors.

8

(551 SE2d 68) (2001). As we stated in Division (2) (c), counsel is not ineffective because he or she fails to make a fruitless objection. E.g., *Jackson v. State*, 316 Ga. App. 80, 82 (1) (729 SE2d 404) (2012).

Moreover, although trial counsel testified at the motion for new trial hearing that in hindsight he realized he should have objected to the number of DVD's that were admitted, Wright volunteered during his testimony that he owned additional DVD's and VHS tapes of the same type that were not seized. In light of this testimony, Wright cannot show he was prejudiced by his counsel's failure to object on this basis since he himself informed the jury that he owned more pornographic recordings than were actually seized by the State. Accordingly, Wright is not entitled to a new trial on this basis.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*