757 S.E.2d 544

**Ted E. ABNEY, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Appellate Case No. 2010–164906.
No. 5207.

Court of Appeals of South Carolina.

Heard Nov. 13, 2013.
Decided March 19, 2014.
Rehearing Denied April 24, 2014.

42

Appellate Defender Kathrine H. Hudgins, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General, J. Rutledge Johnson, all of Columbia, for Respondent.

**KONDUROS, J.**

In this post-conviction relief (PCR) action, Ted E. Abney claims his trial counsel's assistance was rendered ineffective when counsel did not request a jury instruction on the lesser included offense of strong arm robbery. He further contends he was prejudiced by his attorney's decision because he was convicted of armed robbery. We affirm.

## FACTS/PROCEDURAL HISTORY

the victim testified that on October 30, 2004, she parked outside the Citgo Station in Prosperity, South Carolina. She went into the store, purchased items, and returned to her car. She put her purchases on the passenger seat and walked around to the driver's side. As she opened the driver's side door, Abney came up behind her and leaned over her so that she could not get away. He pushed something into her ribs and told her "don't move, don't say nothing or I will kill you." She testified at trial she believed he had a gun. He then took her purse and drove away in a white van. Abney turned himself in to the Newberry police a few days after the incident. He admitted taking the purse but insisted he never had a weapon. No weapon was ever recovered.

Abney was charged with armed robbery and possession of a firearm or knife during the commission of a violent crime charge. during his trial, the court granted Abney's motion for directed verdict on the possession of a firearm or knife during the commission of a violent crime charge. The armed robbery charge went to the jury. Neither Abney nor the State asked for a jury charge on the lesser included offense of strong arm robbery. Abney was found guilty of armed robbery and sentenced to twenty-six years' imprisonment. He appealed his sentence to this court, which dismissed the appeal.[1] On March 12, 2009, he filed an application for PCR. On May 24, 2010, the PCR court issued an order denying relief and dismissing the application. Abney then filed a petition for writ of certiorari. This court granted the petition. This appeal followed.

---

1. *State v. Abney*, No. 2008–UP–184, 2008 WL 9841177 (S.C.Ct.App. filed Mar. 17, 2008).

## STANDARD OF REVIEW

■■■ "In reviewing the PCR judge's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision." *Holden v. State,* 393 S.C. 565, 573, 713 S.E.2d 611, 615 (2011). A petitioner for PCR bears the burden of establishing he is entitled to relief. *Goins v. State,* 397 S.C. 568, 573, 726 S.E.2d 1, 3 (2012). An appellate court "will uphold the findings of the PCR court when there is any evidence of probative value to support them, and will reverse the decision of the PCR court when it is controlled by an error of law." *Id.* Appellate courts give great deference to PCR courts' findings of fact and conclusions of law. *Holden,* 393 S.C. at 573, 713 S.E.2d at 615.

## LAW/ANALYSIS

■■■ Abney argues trial counsel was ineffective because he did not request a jury instruction on the lesser included offense of strong arm robbery. He believes this decision fell below an objectively reasonable standard. He asserts he was prejudiced by this decision because he would have been convicted of strong arm robbery instead of armed robbery if the jury received the instruction. We disagree.

The South Carolina Code defines armed robbery as the commission of a:

> robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, *or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon.*

■■■ S.C.Code Ann. § 16–11–330 (2003) (emphasis added). Strong arm robbery is defined under common law "as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Rosemond,* 356 S.C. 426, 430, 589 S.E.2d 757, 758 (2003).

■■■ The trial court is required to charge a jury on a lesser included offense "if there is any evidence from which it could be inferred the lesser, rather than the greater, offense

was committed." *State v. Gourdine*, 322 S.C. 396, 398, 472 S.E.2d 241, 241 (1996). However, the trial court should refuse to charge on a lesser included offense when there is no evidence that the defendant committed the lesser rather than the greater offense. *State v. Smith*, 315 S.C. 547, 549, 446 S.E.2d 411, 413 (1994).

"In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) that counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) that the deficient performance prejudiced the applicant's case." *Porter v. State*, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). Under the second prong, the PCR applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

Counsel must articulate a valid reason for employing a certain strategy to avoid a finding of ineffectiveness. *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995). When counsel articulates a strategy, it is measured under an objective standard of reasonableness. *Ingle v. State*, 348 S.C. 467, 470, 560 S.E.2d 401, 402 (2002). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052.

South Carolina has not considered the specific situation presented by this case. However, other states have determined whether failing to ask for a jury charge on a lesser included offense is a valid trial strategy. Alabama, Georgia, and Utah all found refusing to ask for a charge on a lesser

included offense could be a reasonable trial strategy. *See Harbin v. State,* 14 So.3d 898, 909 (Ala.Crim.App.2008), *Ojemuyiwa v. State,* 285 Ga.App. 617, 647 S.E.2d 598, 605 (2007); *Havard v. State,* 928 So.2d 771, 791 (Miss.2006). The Supreme Court of Mississippi stated that "[t]rial counsel's decision not to submit lesser offense instructions, while it turned out to be unsuccessful, was appropriate trial strategy, and thus beyond the realm of serious consideration on a claim of ineffective assistance of counsel." *Havard,* 928 So.2d at 791.

We find evidence supported the PCR court's decision. Abney does not prove trial counsel failed to meet an objectively reasonable standard. Trial counsel was able to articulate a valid reason for employing his strategy. He testified that during a break in the trial, he and Abney felt they were winning the case and he would be found not guilty of armed robbery.[2] Therefore, the trial counsel did not feel it was in his client's best interests to ask for a jury instruction on strong arm robbery.

We, therefore, do not reach whether Abney was prejudiced by his trial counsel's actions.

## CONCLUSION

Because the record contains evidence supporting the PCR court's finding and Abney failed to meet his burden of proof, the PCR court's decision is

**AFFIRMED.**

PIEPER, J., concurring.

I concur with the majority opinion that the evidence supports the PCR court's determination Abney did not prove trial counsel rendered ineffective assistance by failing to request a jury instruction on the lesser included offense of strong arm robbery. I write separately to further discuss the decision-making authority between a criminal defendant and his lawyer.

---

**2.** The dissent believes trial counsel did not understand the elements of armed robbery; however, we find pursuant to *State v. Muldrow,* 348 S.C. 264, 268, 559 S.E.2d 847, 849 (2002), and the record, trial counsel had an accurate understanding of the law.

Certain decisions are considered fundamental and personal to a criminal defendant, and thus, are waivable only by the defendant. *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir.1992). For example, a defendant has the ultimate authority to decide "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Conversely, decisions primarily involving trial strategy and tactics may be made by trial counsel. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir.1998). Examples of such decisions include "which jurors to accept or strike, which witnesses should be called on the defendant's behalf, what evidence should be introduced, whether to object to the admission of evidence, [and] whether and how a witness should be cross-examined." *People v. Hambrick*, 96 A.D.3d 972, 973, 947 N.Y.S.2d 139 (N.Y.App.Div.2012). What motions to file and "whether to put on evidence so as to preserve the final word in closing argument" are also strategic and tactical decisions to be made by trial counsel. *Wright v. State*, 322 Ga.App. 622, 745 S.E.2d 866, 868 (2013).

The 1980 American Bar Association's (ABA) Standards for Criminal Practice commentary provided the decision to ask for a lesser included offense was a right reserved for the defendant, explaining:

> [It is] important in a jury trial for the defense lawyer to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury. Indeed, because this decision is so important as well as so similar to the defendant's decision about the charges to which to plead, the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses. For instance, in a murder prosecution, the defendant, rather than the defense attorney, should determine whether the court should be asked to submit to the jury the lesser included offense of manslaughter.

*People v. Colville*, 20 N.Y.3d 20, 955 N.Y.S.2d 799, 979 N.E.2d 1125, 1129 (2012) (emphasis omitted) (quoting ABA Standards for Criminal Justice, Defense Function, § 4–5.2 (2d ed.1980)).

In *People v. Brocksmith*, 162 Ill.2d 224, 205 Ill.Dec. 113, 642 N.E.2d 1230, 1232 (1994), the Illinois Supreme Court, relying in part on the 1980 ABA commentary, found:

> We believe that the decision to tender a lesser included offense is analogous to the decision of what plea to enter, and that the two decisions should be treated the same. Because it is [the] defendant's decision whether to initially plead guilty to a lesser charge, it should also be [the] defendant's decision to submit an instruction on a lesser charge at the conclusion of the evidence. In both instances the decisions directly relate to the potential loss of liberty on an initially uncharged offense.

However, in 1993, the commentary to the third edition of the ABA standards was amended to omit the portion of the commentary providing the decision to request a lesser included offense is a right reserved for the defendant. ABA Standards for Criminal Justice, Prosecution Function and Defense Function, § 4–5.2 (3d ed.1993). The 1993 ABA commentary now provides in its entirety: "It is also important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury." ABA Standards for Criminal Justice, Prosecution Function and Defense Function, § 4–5.2 (3d ed.1993).

After the 1993 ABA commentary revision, courts addressing the issue have determined the decision to request a lesser included offense rests with trial counsel, not the defendant. For example, in *Arko v. People*, 183 P.3d 555, 558 (Colo.2008), the Colorado Supreme Court was asked to determine whether the decision to request a lesser included offense is a tactical decision to be made by trial counsel or the defendant. The court explained some trial decisions, such as whether to plea, waive a jury trial, or testify, "implicate inherently personal rights which would call into question the fundamental fairness of the trial if made by anyone other than the defendant." *Id.* The court noted "these rights are so important to the integrity of the legal process that the decision to waive them may require a trial court to determine that the defendant has made a voluntary, knowing, and intelligent decision." *Id.* However, the *Arko* decision recognized "[o]ther decisions are regarded as strategic or tactical in nature, and final authority to make

such decisions is reserved to defense counsel." *Id.* The court determined "[t]he decision whether a lesser offense instruction should be requested is distinguishable from the decision to plead guilty," reasoning:

> When a defendant pleads guilty, he waives all rights attendant to a jury trial. On the other hand, a defendant retains all of his trial rights when he requests that a jury consider a lesser offense instruction. He also retains the opportunity to advocate for outright acquittal. Thus, this decision is not analogous to the decision whether to plead guilty. Because the defendant retains these fundamental trial rights, we conclude that the decision to request a lesser offense instruction is strategic and tactical in nature, and is therefore reserved for defense counsel. This tactical decision requires sophisticated training and skill which attorneys possess and defendants do not. . . .

*Id.* at 558–59 (internal citation omitted). Like Arko, other jurisdictions addressing the issue have also decided the decision to request instructions on lesser included offenses is a matter of strategy and tactics for trial counsel. *See United States v. Estrada–Fernandez,* 150 F.3d 491, 496 (5th Cir.1998) ("In deciding whether to request a lesser-included-offense instruction, defense counsel must make a strategic choice: giving the instruction may decrease the chance that the jury will convict for the greater offense, but it also may decrease the chance of an outright acquittal."); *Cannon v. Mullin,* 383 F.3d 1152, 1167 (10th Cir.2004) (rejecting a claim of ineffective assistance based on the change in the ABA commentary because "[w]hether to argue a lesser-included offense is a matter to be decided by counsel after consultation with the defendant"); *Simeon v. State,* 90 P.3d 181, 184 (Alaska Ct. App.2004) (relying in part on the change in the ABA commentary to hold the decision to request a lesser offense instruction rests with trial counsel); *Mathre v. State,* 619 N.W.2d 627, 630 (N.D.2000) (holding that as a matter of trial strategy, trial counsel has the authority to decline requesting an instruction "on lesser included offenses and thereby take an all or nothing risk that the jury will not convict of the greater offense"); *Colville,* 955 N.Y.S.2d 799, 979 N.E.2d at 1129–30 (discussing the 1980 ABA commentary, the 1993 ABA commentary, and the law in various jurisdictions in determining the decision to

request a lesser included offense rests with defense counsel); *State v. Grier*, 171 Wash.2d 17, 246 P.3d 1260, 1268 (2011) (indicating that "the decision to exclude or include lesser included offense instructions is a decision that requires input from both the defendant and [defense] counsel but ultimately rests with defense counsel"); *State v. Eckert*, 203 Wis.2d 497, 553 N.W.2d 539, 544 (App.1996) (noting that the proposition contained within the 1980 ABA commentary does not contain any citation to authority and observing that the decision whether to request lesser included instruction is "a complicated one involving legal expertise and trial strategy").

Although the ABA guidelines are not binding upon the appellate courts of our state, I agree with the foregoing authorities that the decision to request a lesser included offense instruction is a tactical decision to be made by defense counsel, not the defendant. The reasoning that the decision to request a lesser included offense is a matter of strategy requiring the legal expertise of trial counsel is compelling. *See Van Alstine v. State*, 263 Ga. 1, 426 S.E.2d 360, 363 (1993) (rejecting the 1980 ABA commentary and noting the decision to request a lesser included offense "is often based on legal complexities only the most sophisticated client could comprehend, not unlike the tactical decisions involved regarding the assertion of technical defenses"). While trial counsel should consult with his client, the final decision on strategy belongs to counsel.

Furthermore, in determining whether the decision to request a lesser included offense rests with trial counsel, I have also considered whether the trial court has an absolute duty to sua sponte charge a lesser included offense when not requested by the parties. I believe this analysis is necessary because if the trial court does have this absolute duty absent any request by counsel, I would not hold the decision may be made by counsel. It is often recognized in our state that if there is any evidence from which the jury could infer the defendant committed the lesser rather than the greater offense, a trial court must charge a lesser included offense. *State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2004). A trial court has a general duty to charge the law that is applicable to the facts. This duty requires the trial court to consider any lesser included charges the court determines are warranted by the

facts. This general duty does not, however, amount to an absolute requirement that the trial court sua sponte charge a lesser included offense. In *State v. Parker*, our supreme court found the trial court did not err by failing to charge the jury on a lesser included offense because such charge was not requested; "there was no duty on the court to sua sponte provide the charge"; and the evidence did not warrant the charge. 315 S.C. 230, 236–37, 433 S.E.2d 831, 834 (1993). Other jurisdictions have likewise determined the trial court does not have an absolute duty to charge a lesser included offense. *See People v. Romero*, 694 P.2d 1256, 1269 (Colo. 1985) (explaining the trial court is "not obligated to instruct on a lesser offense unless either the prosecution or the defense requests such instruction" and "[i]n the absence of a request by the defendant, it may reasonably be assumed that he elected to take his chance on an outright acquittal or conviction of the principal charge rather than to provide the jury with an opportunity to convict on a lesser offense"); *State v. Kobel*, 927 S.W.2d 455, 460 (Mo.Ct.App.1996) (holding a trial court does not err by failing to sua sponte charge the jury on a lesser included offense when it is not requested by defense counsel, reasoning defense counsel sometimes consciously decides "not to request an instruction on a lesser included offense for strategic purposes"). Based upon the policies and reasoning previously discussed, I would find the trial court is only absolutely required to charge a lesser included offense if the facts support the charge and counsel requests the charge. Here, even though the evidence warranted the lesser included offense, because neither the State nor defense counsel requested the charge, the trial court was not required to instruct the jury on strong arm robbery.

Having determined the decision to request a lesser included offense is a strategic decision to be made ultimately by trial counsel after consultation with the defendant, I agree with the denial of Abney's PCR application. Here, trial counsel's testimony at the PCR hearing supports the PCR court's finding that trial counsel consulted with Abney in deciding not to request the lesser included offense. Evidence in the record supports the PCR court's finding that trial counsel was not ineffective by failing to request the lesser included offense of strong arm robbery because it was a valid strategic decision

under the facts of this case. Therefore, I concur in the decision to affirm the PCR court's decision.

FEW, C.J., dissenting.

I agree with the majority that the decision not to request a jury charge on a lesser-included offense can be a valid trial strategy. In this case, however, counsel's decision not to request a charge on strong armed robbery was ineffective under the Sixth Amendment because the decision was based on a critical misunderstanding of the law. Further, counsel's deficient performance prejudiced Abney because it deprived him of the chance to avoid being convicted of armed robbery. For these reasons, I respectfully dissent.

The victim's testimony provided the only evidence of how the theft occurred.[3] The victim testified Abney "pushed into my ribs and he said 'don't move, don't say nothing, I will kill you.'" She described him as "leaning over me and ... talking into my left ear." She testified he threatened her again, and "this time he was much more angry and much more forceful and he pushed harder on me and he said ... 'shut the f* * * up or I will kill you.'" She also stated, "I was so afraid that he was going to shoot me that I was afraid to hit the panic button [on my car key] or do anything except just stand there." Abney grabbed her purse, threw it into his vehicle, and sped off. As he sped off, she reached for the purse, "holding on [to the car] for about seven or eight feet," but she "finally let go" and he got away. She testified she "did not see" the object Abney pushed into her ribs and "he [n]ever refer[red] to having a gun," but, "It was a gun." There was no other evidence presented as to how the theft occurred.

In his closing argument, counsel conceded Abney used violence and fear to accomplish the theft when he stated, "she was standing in the open door of her car about to get into the SUV. Mr. Abney steps out of his car and he immediately grabs her and pushes into her. And he makes ... these terrible threats to her. He says 'stay here or I will kill you.'" Counsel testified at the PCR hearing that his "trial strategy" was to "admit he was guilty of the charge but ... that it was an unarmed purse snatching," and "all through the trial ...

---

3. Abney did not testify at trial.

I'm telling the jury he's guilty of ... [strong armed] robbery, my closing, my opening." Under these facts, the theft that counsel admitted Abney committed could only have been robbery. *See State v. Mitchell,* 382 S.C. 1, 4–5, 675 S.E.2d 435, 437 (2009) (stating "robbery ... is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence *by violence or by putting such person in fear*" (emphasis added) (internal quotations omitted)).

As to whether the robbery was armed robbery, counsel correctly pointed out in his closing argument that the State failed to prove Abney possessed a gun during the robbery. In fact, the trial court directed a verdict in Abney's favor on the charge of possession of a firearm because the court found the State produced no evidence Abney possessed a gun. Counsel argued, therefore, the robbery could not have been armed robbery based on the actual use of a gun.

However, the law allows the State to prove armed robbery without proving possession of a gun if the State proves the defendant committed robbery "while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon." S.C.Code Ann. § 16–11–330(A) (2003). Counsel understood the State could convict Abney of armed robbery without proving he possessed a gun, but misunderstood what the law required to accomplish that. Counsel stated in his closing argument, "The judge is going to charge you [that] unless [Abney] alleges he ha[d] a deadly weapon[,] threats do not make the crime armed robbery." The trial court recognized counsel's misunderstanding and interrupted at this point, stating, "Counsel, wait a minute now. I am going to have to step in on that. It says by action or words." Counsel then engaged the court in an argument in front of the jury, thereby clearly demonstrating his misunderstanding of the armed robbery statute. Counsel stated, "I take the position, your honor, that the words have to allege the representation of a weapon and I am going to cite the case I brought." To this, the court responded, "I am going to charge exactly what the law says and I am pointing out to you, it says 'either by action or words.'" Counsel then stated, still in the

presence of the jury, "Yes, sir. And I am going to ask the judge to charge the jury also that the mere use of the words alone does not make it armed robbery. And at the end of my closing argument I would ask for an argument, just a closing charges motion."

Under subsection 16–11–330(A), the State may convict a defendant of armed robbery by proving he "alleg[ed], *either by action or words,* he was armed." *Id.* (emphasis added). Therefore, it is not necessary, as counsel incorrectly believed, for the defendant to represent that he possessed a gun with words. Rather, as the trial court pointed out to counsel when it interrupted his closing, "action" may suffice as a representation of a weapon. Thus, the premise of counsel's belief that Abney could not be guilty of armed robbery was wrong. Counsel's misunderstanding could have been corrected by reading the statute or cases interpreting the statute,[4] or *listening* when the trial court corrected him. Counsel gambled his client's opportunity to avoid an armed robbery conviction on the premise that he could be convicted of armed robbery only if he said he had a gun, when the law clearly allowed him to be convicted of armed robbery for merely acting like he had a gun. The error was critical considering the facts of this case because Abney did not say he had a gun, but his actions led the victim to believe he had one. No supposedly strategic decision passes Sixth Amendment scrutiny when it is based on such an obvious misunderstanding of the law. *See Watson v. State,* 370 S.C. 68, 74, 634 S.E.2d 642, 645 (2006) (Pleicones, J., dissenting) (stating a valid strategic decision cannot be "grounded in a fundamental misunderstanding of the law"); *Gallman v. State,* 307 S.C. 273, 277, 414

---

4. The case was tried in May of 2005. In 2002, the supreme court interpreted subsection 16–11–330(A), stating,

> [T]he State may prove armed robbery by establishing the commission of a robbery and either one of two additional elements: (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, *either by action or words,* while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon.

*State v. Muldrow,* 348 S.C. 264, 267–68, 559 S.E.2d 847, 849 (2002) (emphasis added).

S.E.2d 780, 782 (1992) (finding a strategic decision invalid where "an error of law was involved").

The State relies on counsel's testimony that he consulted with Abney, who agreed to the strategy. The argument misses the point of the Sixth Amendment. A criminal defendant is entitled to rely on the advice and expertise of his lawyer—not vice versa. By failing to understand the law on which the State sought to convict his client, and by acting on that misunderstanding, counsel deprived his client of the chance to be convicted of a lesser-included offense for a crime the client admitted to committing. Thus, I would find counsel rendered deficient performance under the Sixth Amendment.

The more difficult question is whether counsel's error prejudiced Abney. To prove prejudice under *Strickland,* "the PCR applicant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McHam v. State,* 404 S.C. 465, 474–75, 746 S.E.2d 41, 46 (2013) (internal quotations omitted). In this case, Abney must demonstrate a reasonable probability the jury would have found him guilty of strong armed robbery if the trial court had charged it.

In light of the evidence that Abney stole the victim's purse and counsel's admission to the jury that Abney was "guilty of strong armed robbery," it was impossible for Abney to be "not guilty" of robbery. The State presented convincing evidence that Abney "alleged" the use of a deadly weapon by the act of pushing into the victim's side and telling her to shut up or he would kill her. However, to convict Abney of armed robbery, the State was also required to prove the victim "reasonably believed" Abney had "a deadly weapon." § 16–11–330(A). In this regard, it is important to remember the victim's testimony:

Q: Did you ever see a weapon in Mr. Abney's hand?

A: I did not see it.

Q: Did you see any sort of knife?

A: No.

Q: Firearm?

A: No.

Q: Anything?

A: No.

Our experience in criminal trials teaches us that no result is certain. This is particularly true when it comes to factual findings regarding mental state, such as whether the victim's belief was "reasonable." The standard for prejudice is not whether Abney *would* have been convicted of the lesser offense, but whether there is a reasonable probability he would. *See McHam,* 404 S.C. at 474–75, 746 S.E.2d at 46. If one juror stood firm on his or her position that the State failed to prove beyond a reasonable doubt that the victim's belief that Abney had a gun was reasonable, that would have been enough to prevent a conviction for armed robbery, and could have been enough for the jury to find him guilty of the lesser charge.

Counsel's all or nothing strategy depended on the jury applying the State's burden of proof in a purely technical fashion and finding an admitted robber not guilty. Such optimism is refreshing, but it has no place at the defense table of a criminal trial when the defendant's right to the effective assistance of counsel is at stake. Counsel apparently reflected on his strategy later, and at the PCR hearing admitted it "was an objectively wrong decision to make when you're telling the jury he's guilty of [strong armed] robbery but then not give them the option." The same practical reflection before or during trial would have informed counsel what a juror told him afterwards—"[the jury] didn't think that the defendant was actually armed, 'but we aren't letting a creep like that just go home either.'"

I would find counsel's performance was deficient and prejudiced Abney. I would reverse the conviction and remand to the court of general sessions for a new trial.