**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Darrell Eugene Blackwell, Appellant.

Appellate Case No. 2018-001892

———————

Appeal From Anderson County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-144
Submitted April 1, 2021 – Filed May 5, 2021

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

———————

**PER CURIAM:** Darrell Eugene Blackwell appeals his conviction for armed robbery and sentence of eighteen years' imprisonment. On appeal, he argues the trial court erred by admitting an audio recording of his custodial interview into

evidence and by failing to charge the jury on the lesser-included offense of strong arm robbery. We affirm pursuant to Rule 220(b), SCACR.

1. Any error in admitting the audio recording of Blackwell's custodial interview was harmless based on the overwhelming evidence of Blackwell's guilt. *See State v. Brewer*, 411 S.C. 401, 408, 768 S.E.2d 656, 660 (2015) (stating the "[i]mproper admission of hearsay testimony constitutes reversible error only when the admission causes prejudice." (quoting *State v. Jennings*, 394 S.C. 473, 478, 716 S.E.2d 91, 93 (2011))); *State v. Gracely*, 399 S.C. 363, 375, 731 S.E.2d 880, 886 (2012) ("A violation of the Confrontation Clause is not per se reversible but is subject to a harmless error analysis."). At trial, Investigator Jamie Hill testified Blackwell admitted during the interview that he was the robber shown in the Shop Rite surveillance video. Investigator Hill also identified Blackwell as the man in the surveillance video, and the clothing police recovered from Blackwell's house matched the clothing the robber wore in the video. Further, Blackwell's brother testified he recognized Blackwell in the surveillance video and called the police tip hotline and identified Blackwell as the robber in the video. Based on this testimony the State presented at trial, we find any error in admitting the audio of Blackwell's interview could not have reasonably affected the result of trial. *See Brewer*, 411 S.C. at 408-09, 768 S.E.2d at 660 (stating an error "is deemed harmless when it could not have reasonably affected the result of trial, and an appellate court will not set aside a conviction for such insubstantial errors." (quoting *Jennings*, 394 S.C. at 478, 716 S.E.2d at 93)).

2. The trial court did not err by denying Blackwell's request to charge the jury on the lesser-included offense of strong arm robbery because Blackwell admitted in an interview with police that he was carrying a toy gun during the commission of the robbery. *See State v. Gilmore*, 396 S.C. 72, 77, 719 S.E.2d 688, 690 (Ct. App. 2011) ("In criminal cases, we review the decisions of the trial court only for errors of law. Therefore, in the context of a trial court's decision not to charge a requested lesser-included offense, [this court] review[s] the trial court's decision de novo."); *State v. White*, 361 S.C. 407, 412, 605 S.E.2d 540, 542 (2004) ("[A] trial [court] does not err by refusing to charge a [lesser-included] offense where there is no evidence tending to show the defendant was guilty *only* of the lesser offense." (emphasis added)); *State v. Muldrow*, 348 S.C. 264, 267-68, 559 S.E.2d 847, 849 (2002) ("Under § 16-11-330(A) [of the South Carolina Code (2015)], the State may prove armed robbery by establishing the commission of a robbery and either one of two additional elements: (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, either by action or words, *while using a representation of a deadly weapon* or any object which a

person present during the commission of the robbery reasonably believed to be a deadly weapon." (emphasis added)); *Abney v. State*, 408 S.C. 41, 45, 757 S.E.2d 544, 546 (Ct. App. 2014) ("Strong arm robbery is defined under common law 'as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear.'" (quoting *State v. Rosemond*, 356 S.C. 426, 430, 589 S.E.2d 757, 758 (2003))); *State v. Tasco*, 292 S.C. 270, 272, 356 S.E.2d 117, 118 (1987) ("[W]hen a person perpetrates a robbery by brandishing an instrument which appears to be a firearm . . . in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be . . . .'" (quoting *State v. Thompson*, 254 S.E.2d 526, 528 (N.C. 1979))).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.